STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| In re: Kenfield Brook Properties LLC, | } | |
| Stagecoach Rd. Proposed Subdivision | } | Docket No. 238-11-05 Vtec |
| (Appeal of Wickart) | } | |

Decision and Order on Appellee-Applicant's Motion to Dismiss for Lack of Standing

Appellant Debra Wickart timely filed a notice of appeal with the Court on November 8, 2005, seeking to appeal from a decision issued by the Development Review Board (DRB) of the Town of Morristown on October 24, 2005. By its terms it was filed only on her own behalf. Accompanying the notice of appeal, but not mentioned in it, was a piece of paper solely headed with the two words: "Concerned Neighbors" and signed by five individuals: Nina D. Williams, Christine Luce, Eric C. Sanders, Janet A. Sanders, and one illegible signature.

Later, in response to the Court's notification to her that her filing lacked some of the elements required by V.R.E.C.P. 5(b)(3), on November 28, 2005, Appellant Wickart supplied additional information to the Court. In this filing, made after the expiration of the appeal period, she stated that the appealing party was both herself and her husband Stan Biasini, and that she was also appealing under 24 V.S.A. §4465(b)(4) as the designated representative of a group of ten or more persons. Attached to the November 28, 2005 filing was a piece of paper headed "Voters and Property owners that oppose the decision of the Development Review Board concerning the Kenfield Brook Development in the Town of Morristown," and containing eleven signatures, including that of Debra Wickart. Of the five signatures that accompanied the original notice of appeal, only that of Christine Luce was also on this second group of signatures. There was no indication that the group comprising this second group of signatures had filed the petition with the DRB required

1

by 24 V.S.A. §4465(b)(4), and therefore they do not appear to have standing as an appellant group, even if their notice of appeal had contained the required information and had been timely filed.

Appellee-Applicant has moved to dismiss Ms. Wickart as a party-appellant, and therefore to dismiss the appeal, due to her lack of participation at the DRB hearings. Appellant Wickart represents herself, except that she and Mr. Biasini are represented by Kathleen B. O'Neill, Esq. for the limited purpose of the present motion; Appellee-Applicant Kenfield Brook Properties, LLC is represented by Elaine Kilburn Nichols, Esq. and Ellen M. O'Toole, Esq.; and the Town of Morristown is represented by Will S. Baker, Esq.

For the original notice of appeal to have been effective as a notice of appeal on behalf of Mr. Biasini, or on behalf of any of the five individual "concerned neighbors" whose signatures were on the page accompanying the original notice of appeal, those persons would have had to have signed a notice of appeal stating that those additional people were also party-appellants filing the appeal. The additional information filed on November 28, 2005, was not effective to add Mr. Biasini as a party-appellant without an accompanying motion filed by him for permission to file his notice of appeal late, prior to the expiration of an additional thirty days after the expiration of the appeal period. V.R.E.C.P. 5(b)(1) and V.R.A.P. 4. He did not do so.

Even though local proceedings are relatively informal, we must apply the same rules of procedure to all potential parties, whether they are represented or not, and whether they receive accurate information from municipal officials or not. Because the above-described actions were not taken, Ms. Wickart is the only Appellant.

If the others wish to move to intervene and to enter their appearance as interested parties, they may file such motions. In considering those motions the Court will determine whether those delayed entries of appearance would prejudice any party. However, it is important to recognize that this is an on-the-record appeal. We therefore will not be taking any evidence or considering the merits <u>de</u> <u>novo</u>. Rather, we will be scheduling the filing

2

of legal memoranda on whether the decision meets the minimum requirements for an on-the-record decision, and whether it is supported by substantial evidence in the record as a whole.

Appellant Wickart's co-ownership of property in the immediate neighborhood of the proposed development is sufficient for her to have standing to appeal, if the presentations made orally at the hearings by Mr. Biasini qualifies as Ms. Wickart's participation under the statute, as they did not file additional materials in writing.

Unlike the situation in In re Appeal of Carroll, Docket No. 3-1-05 Vtec (Vt. Envtl. Ct., Aug. 26, 2005), the present appeal is on the record rather than de novo. Therefore, we have an electronic audio record of all three hearings, in addition to the minutes of the proceedings. From the record of the September 8, 2005 hearing, we can determine that Mr. Biasini introduced himself as Ms. Wickart's husband,[1] and used both the singular and the plural to refer to both his and his wife's interests in and concerns about the proposed development. It is apparent from listening to the record that in this case, Mr. Biasini was presenting his testimony and statements of concern on behalf of his wife, Appellant Wickart, as well as on his own behalf. It is also evident from the record and the relatively informal nature of the proceedings that the DRB members and the participants at the hearing knew the relationships between the participants, even when they were being referred to by their first names. Based on the record of this particular on-the-record proceeding, Mr. Biasini's participation as agent for Ms. Wickart is sufficient to satisfy the participation requirement of 24 V.S.A. §4471 for the purposes of her standing as an appellant. Accordingly, Appellee-Applicant's Motion to Dismiss Ms. Wickart for lack of standing is DENIED.

---

[1] He did so indirectly, by describing on the record his and his wife's relationship to Jean Wickart, Appellant's mother, who herself had made statements earlier in the record of that hearing.

As discussed at the pretrial conference, this on-the-record appeal would normally next be scheduled for briefs on the merits. However, also as discussed at the conference, and as raised in Appellant's motion memorandum (at Facts, ¶¶13 and 14), it appears that the decision may be sufficiently deficient under the standards articulated in <u>Appeal of Leikert</u>, Docket No. 2004-213 (Vt Sup. Ct., Nov. 10, 2004) (three-justice panel) to require a remand.

To avoid unnecessary memoranda on the part of the parties, we will give the Town an opportunity determine whether it wishes to take a voluntary remand to write more adequate findings and conclusions based on the evidence already taken. V.R.E.C.P. 5(i). We will also establish a schedule to receive legal memoranda on the <u>Leikert</u> issue to allow the Court to rule on that issue in advance of any briefing on the merits of the application, as follows:

The Town may determine whether it wishes to take a voluntary remand under V.R.E.C.P. 5(i), and shall file any such request in writing so that it is communicated to the Court and the other parties on or before March 10, 2006.

On or before March 24, 2006, any party may file any motions to dismiss, remand, or otherwise resolve this appeal on the basis of the adequacy of the decision under the standards articulated in <u>Appeal of Leikert</u> (copy enclosed).

On or before April 3, 2006, any responsive memoranda may be filed.

Shortly after the decision on those motions, the Court will hold a telephone conference to establish a schedule for the filing of briefs on the merits of this on-the-record appeal.

Done at Berlin, Vermont, this 24th day of February, 2006.

_____
Merideth Wright
Environmental Judge

4